Krasniqi v. Holder

BIA
A089 252 652

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15ᵗʰ day of October, two thousand twelve.

PRESENT:
BARRINGTON D. PARKER,
DEBRA ANN LIVINGSTON,
RAYMOND J. LOHIER, JR.,
    *Circuit Judges*.

_____

Labinot Krasniqi,
    *Petitioner*,

v.                                              11-3200
                                                NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
    *Respondent*.

_____

FOR PETITIONER:        Joshua Bardavid, New York, NY.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Russell J.E. Verby, Senior
                       Litigation Counsel; Jennifer R.
                       Khouri, Trial Attorney, Office of
                       Immigration Litigation, Civil
                       Division, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Labinot Krasniqi, a native of the former Yugoslavia and a citizen of Kosovo, seeks review of an August 5, 2011 decision of the BIA denying his motion to reopen his removal proceedings. *In re Labinot Krasniqi*, No. A089 252 652 (B.I.A. Aug. 5, 2011). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). The BIA "ordinarily will not grant [a motion to reopen] unless the movant has met the 'heavy burden' of demonstrating a likelihood that the new evidence presented would alter the result in the case." *Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 156 (2d Cir. 2005). In other words, where a movant seeks to reopen removal proceedings involving the denial of asylum, the BIA may deny relief based on "the movant's failure to make a prima facie case of eligibility for asylum." *Id.* (citing *INS v.*

*Doherty*, 502 U.S. 314, 323 (1992)).

Here, the BIA did not abuse its discretion in denying Krasniqi's motion to reopen on the ground that he failed to establish that the evidence presented in his motion would likely alter the result in the case. The evidence at issue did not suggest that the government in Kosovo was or would be unwilling or unable to protect him from his alleged persecutors—Stankon Reskovich, a private citizen, and former members of the Kosovo Liberation Army ("KLA"). *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 342 (2d Cir. 2006) ("[P]rivate acts may be persecution [for asylum purposes] if the government has proved unwilling to control such actions."). Moreover, the evidence at issue did not undermine the agency's conclusion that Krasniqi failed to establish that he was persecuted, or had a well-founded fear of future persecution, on account of a protected ground. *See* 8 U.S.C. § 1101(a)(42). Because the BIA reasonably concluded that Krasniqi failed to establish prima facie eligibility for asylum, it did not abuse its discretion in denying his motion to reopen. *See Li Yong Cao*, 421 F.3d at 156. In light of this conclusion, we decline to reach the issue of whether the evidence presented with Krasniqi's

motion was previously available within the meaning of 8 C.F.R. § 1003.2(c)(1).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk